**HUNTER MILLS CORPORATION, a corporation, and William Trakinski and Simon Trakinski, individually and as officers of said corporation, Petitioners,**

**v.**

**FEDERAL TRADE COMMISSION, Respondent.**

**No. 83, Docket 26239.**

United States Court of Appeals Second Circuit.

Argued Nov. 18, 1960.

Decided Dec. 8, 1960.

Thomas A. Ziebarth, Washington, D. C. (Alex Akerman, Jr., Shipley, Akerman & Pickett, Washington, D. C., on the brief), for petitioners.

Thomas F. Howder, Washington, D. C. (Daniel J. McCauley, Jr., General Counsel, Alan B. Hobbes, Asst. General Coun-

sel, Jno. W. Carter, Jr., Attorneys for Federal Trade Commission, Washington, D. C., on the brief), for respondent.

Before LUMBARD Chief Judge, and WATERMAN and MOORE, Circuit Judges.

PER CURIAM.

The petitioners, a family-owned corporation engaged in the manufacture of batting or quilting used for interlining material, and its two stockholders, bring this proceeding under § 5 of the Federal Trade Commission Act, 15 U.S.C.A. § 45, to review a Commission order of February 17, 1960. At a hearing on charges of misbranding in violation of §§ 4(a) (1), 4(a) (2), and 9 of the Wool Products Labeling Act of 1939, 15 U.S.C.A. §§ 68b(a) (1), 68b(a) (2), 68g, the hearing examiner allowed into evidence eight samples of the petitioners' materials, seven of which had been tested for fiber content by a chemist employed by the Federal Trade Commission. The testing of the eighth sample was supervised by a textile engineer employed by the Better Fabric Testing Bureau of New York. These experts described their testing procedures and testified that the samples marked as 100% reprocessed or reused wool in fact contained between 82% and 92.3% wool, the remainder being nylon, rayon, acetate and other miscellaneous fabrics. This percentage fell below the 5% tolerance for ornamentation permitted by § 4(a) (2) (A), and the number of samples indicated that the deviation was not due to "unavoidable deviations in manufacture." The examiner therefore ordered the petitioners to cease and desist from misbranding in violation of §§ 4(a) (2) (A) and 4(a) (2) (B), and furnishing false guarantees in violation of § 9.

On appeal from the decision of the examiner, the Commission modified the examiner's findings by deleting all reference to the sample which had been tested under the supervision of the New York expert since he did not personally perform the tests. It also modified the examiner's order by proscribing violations of all of § 4(a) (2).

The petitioners' attack on the tests conducted by the Commission's chemist, who had previously performed 700 or 800 similar tests during her two years with the Commission, is devoid of merit. The variance in testing techniques between the two experts testifying for the Commission does not impeach the testimony of either. The Commission has the duty of passing on the qualifications of the experts who testify before it, and it may decide that both procedures are proper. F. T. C. v. Cement Institute, 1948, 333 U.S. 683, 716, 68 S.Ct. 793, 92 L.Ed. 1010. See also Corn Products Refining Co. v. F. T. C., 1945, 324 U.S. 726, 739, 65 S.Ct. 961, 89 L.Ed. 1320; Carter Products, Inc. v. F. T. C., 9 Cir., 1959, 268 F.2d 461, 496, certiorari denied 361 U.S. 884, 80 S.Ct. 155, 4 L.Ed. 2d 120. Moreover, it is unlikely that the allegedly "proper" procedure would have changed the ultimate factfinding, since the percentages of wool content were substantially below those permitted by statute.

The petitioners further contend that the order could not require them to desist from violations of § 4(a) (2) (C) of the Act—which requires that the manufacturer's name be affixed to the wool product—when the trial examiner found expressly that the labels on their products conformed to that subsection. However, the Commission has wide discretion in choosing the remedy adequate for each particular situation, and we cannot say that it constituted an abuse of discretion to decide that related acts of misbranding were likely enough to warrant strong preventive measures. F. T. C. v. Mandel Bros., Inc., 1959, 359 U.S. 385, 79 S.Ct. 818, 3 L.Ed.2d 893.

The petition to set aside the Commission's order is denied and an order directing obedience pursuant to § 5(c) of the Federal Trade Commission Act will issue.